UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL BERESWILL,  Plaintiff,<br><br>- against -<br><br>STERLING ENTERTAINMENT ENTERPRISES, LLC<br><br>Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Paul Bereswill ("Bereswill" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Sterling Entertainment Enterprises, LLC ("Sterling" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Sandy Alderson, the general manager of the New York Mets, owned and registered by Bereswill, a New York based photojournalist. Accordingly, Bereswill seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Bereswill is an award winning professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 622 South Main Street, Freeport, NY 11520. Bereswill has over thirty-five years of experience and has won numerous awards twenty-two first place awards in the New York Press Photographers Association annual competition and over two hundred other local, national and international photojournalism awards.

6. Upon information and belief, Sterling is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 75 Rockefeller Plaza, New York, New York 10019. At all times material hereto, Sterling has operated and continues to operate a website at the URL: www.SNY.TV (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. On or about January 23, 2016, Bereswill photographed Sandy Alderson, the general manager of the New York Mets (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Bereswill then licensed the Photograph to The New York Post. On January 23, 2016, The New York Post ran an article that featured the Photograph on its web edition entitled, *Sandy Alderson's got jokes about Harvey, Boras*. See http://nypost.com/2016/01/23/sandy-aldersons-got-jokes-about-harvey-boras/ . Bereswill's name was featured in a gutter credit

identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Bereswill is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with Copyright Office and given pending Copyright Registration Number 1-3809787061. See Exhibit C.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about April 25, 2016, Sterling ran an article in the Website entitled *How would things have been different had the Mets acquired Carlos Gomez?* See https://www.sny.tv/mets/news/how-would-things-have-been-different-had-the-mets-acquired-carlos-gomez/174409956. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit D.

12. Sterling did not license the Photograph from Plaintiff for its article, nor did Sterling have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, Sterling removed Bereswill's gutter credit.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST STERLING)
### (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Sterling infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Sterling is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Sterling have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST STERLING**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photograph was published in an article in The New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article in the Website, Sterling intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Sterling violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Sterling's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Sterling intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Sterling also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of Sterling as alleged herein, Plaintiff is entitled to recover from Sterling the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Sterling because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Sterling statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Sterling be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Sterling be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendant, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert with any Defendant, be enjoined from copyright, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photograph pursuant to 17 U.S.C. § 502.

4. That, with regard to the First Claim of Relief, Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph.

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       July 14, 2016

                                                    LIEBOWITZ LAW FIRM, PLLC

                                                    By: /s/Richard Liebowitz
                                                            Richard P. Liebowitz
                                                11 Sunrise Plaza, Suite 301
                                                Valley Stream, NY 11580
                                                Tel: (516) 233-1660
                                                RL@LiebowitzLawFirm.com

                                                *Attorney for Plaintiff Paul Bereswill*